Filed 11/17/20  Kamell v. Del Taco CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAFIK Y. KAMELL, | |
| Plaintiff and Appellant, | G057498 |
| v. | (Super. Ct. No. 30-2016-00891419) |
| DEL TACO, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Affirmed.

Rafik Y. Kamell, in pro. per., for Plaintiff and Appellant.

Murchison & Cumming and Edmund G. Farrell for Defendant and Respondent.

\*             \*             \*

Rafik Kamell sued Del Taco alleging he suffered injuries from food poisoning. The case went to trial and the jury returned a verdict in favor of Del Taco. Kamell appeals, arguing the court improperly excluded two Orange County Health Department (OCHD) inspection reports. We disagree and affirm the judgment.

**FACTS**

In December 2014, Kamell was hospitalized when he suffered an esophageal tear as a result of vomiting not long after eating at a Del Taco restaurant. He sued Del Taco alleging his injuries were caused by contaminated food.

At trial, Kamell sought to introduce expert testimony related to two OCHD inspection reports. The first report (Report 1)[1] was based on an inspection eight months prior to Kamell's visit to the Del Taco restaurant; the second report (Report 2)[2] was based on an inspection at the same Del Taco restaurant one month prior to Kamell's injury.

Del Taco filed a motion in limine to exclude the OCHD reports and their findings, arguing they were (1) case-specific hearsay, (2) not relevant evidence (Evid. Code, § 210),[3] and (3) any probative value was substantially outweighed by the prejudicial value (§ 352). Kamell argued in response the evidence was relevant and more probative than prejudicial.

The court ruled the contents of the reports could be discussed, but the reports themselves would not be admitted into evidence because "[t]hey are hearsay

---

[1]    Report 1 identified seven "minor violations" and included the comment: "Discussed bare hand contact/glove usage with the operator."

[2]    Report 2 listed six "minor violations" including, "Lack of/Improper Handwashing/Handwashing Sup. [¶] Discontinue storing items in the handwash sink. Maintain all handwashing sinks fully operative, in good repair and easily accessible," and "potentially hazardous" foods measured at improper temperatures.

[3]    All further statutory references are to this code.

2

evidence." The court explained, "[The reports] are not business records. There has been no argument they are business records." The court added it was not clear from the reports if the listed violations resulted in citations to Del Taco, and "certain things in the reports . . . are irrelevant."

Kamell presented expert testimony during trial. The expert opined Kamell had suffered from "staphylococcal food poisoning," which was related to the food he ate at Del Taco. The expert said staphylococcal bacteria could be spread by unclean hands. He discussed Report 2's conclusion regarding items left in the restaurant's handwashing sink: "And to me that implied that the handwashing sink was not available for staff to use because it was filled with whatever was being stored there." The expert also referenced Report 1's comment concerning instructions the owners gave employees about the importance of gloving, but said he was not sure how to interpret that instruction.

Kamell also called the manager of the Del Taco restaurant where he purchased the food as a witness; he questioned the manager about the handwashing sink violation.

After the Del Taco manager testified, the court revisited the admissibility of the inspection reports. The trial judge observed, "so far we don't have any evidence that there were . . . violations," concluding there was no "foundation for the business record or that it in fact is a business record." The court said it "would have a different feeling" if a witness had actually seen the alleged violations or could testify as to how the reports were created.

During closing argument, Kamell's counsel told the jury: "The one thing we do know to some degree is that on November 6th, 2014, when the Orange County Health Department went there, they found that they were using the sink to store items. The handwashing sink to store items." He concluded, "the method in which [Del Taco has] . . . their employees cleaning their hands has got to be the single most important

3

thing a restaurant can do to stop this kind of spread of food poisoning. [¶] It is just simple.  That is most likely the cause."

## DISCUSSION

Kamell argues the court erred by excluding the OCHD inspection reports, because they were admissible as either business records (§ 1271) or records by a public employee (§ 1280).  "A trial court has broad discretion in determining whether a party has established these foundational requirements.  [Citation.]  Its ruling on admissibility 'implies whatever finding of fact is prerequisite thereto . . . [Citation.]' [Citation.]  A reviewing court may overturn the trial court's exercise of discretion '"only upon a clear showing of abuse."'" (*People v. Martinez* (2000) 22 Cal.4th 106, 120.)  We find no such abuse here.

Evidence Code section 1271 sets forth the business record hearsay exception:  "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:  [¶] (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Evidence Code section 1280 sets forth the public records exception to the hearsay rule: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies:  [¶] (a) The writing was made by and within the scope of duty of a public employee.  [¶] (b) The writing was made at or near the time of the act, condition, or event.  [and] [¶] (c) The sources of

4

information and method and time of preparation were such as to indicate its trustworthiness."

The OCHD reports were not admissible as business records because Kamell failed to lay a sufficient foundation to admit them as such; among other problems, neither a custodian of records nor another qualified witness testified as to the identity and mode of preparation regarding the reports as required by section 1271.

Del Taco argues, and we agree that Kamell forfeited the argument the records were admissible under section 1280 by not raising that theory during trial. (§ 354; *People v. Alcala* (1992) 4 Cal.4th 742, 795-796.)  At trial, Kamell argued the reports were admissible as business records; he made no mention of section 1280's hearsay exception.  "The proponent of hearsay has to alert the court to the exception relied upon and has the burden of laying the proper foundation." (*People v. Livaditis* (1992) 2 Cal.4th 759, 778.)  Since Kamell never suggested the reports were admissible under section 1280 in the trial court, "the issue is not properly before us." (*Id.* at p. 780.)

Kamell argues the issue is not forfeited because "the court considered the business records exception . . . ."  He misses the point with this argument.  The burden was on Kamell to "alert the court to the [hearsay] exception relied upon" and he failed to do so.  (*People v. Livaditis, supra,* 2 Cal.4th at p. 778.)  The court's willingness to evaluate a different hearsay exception does not alter Kamell's burden.

In any event, even if the court erred in excluding the reports themselves, Kamell was not prejudiced.  The jury received the information Kamell believed was crucial to his case through his expert who was able to discuss the content of the reports and explain how the safety violations influenced his opinion.[4]  Kamell also

---

[4]    Although Del Taco raised a *People v. Sanchez* (2016) 63 Cal.4th 665 case-specific hearsay objection to this evidence in their motion in limine, Kamell presented the evidence to the jury without objection.

cross-examined the Del Taco manager about the violations and emphasized their importance in his rebuttal argument. "A verdict or finding shall not be set aside . . . by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice . . . ." (§ 354.) Here, there is no reasonable likelihood the admission of the reports themselves would have led to a different result. Their exclusion did not constitute a miscarriage of justice.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.

6